## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Pasquale et al.

v.

Anthony L. Colasanto et al.

May 6, 1988

Case No. (Chancery) 18117

By JUDGE ALFRED D. SWERSKY

The matter is before the Court on Defendant Anthony L. Colasanto's Motion to disqualify the law firm of Hazel, Thomas, Fiske, Beckhorn & Hanes from representing the Complainants in this cause. Affidavits have been filed by both parties, and the Court has considered the memoranda and argument of counsel. For the following reasons, the motion must be denied.

A motion to disqualify a party's counsel has extensive ramifications not only to the parties but to the orderly administration of justice. Hence, it is a motion that must require the closest of scrutiny. It should not be granted unless it is clear to the Court that confidential communications have been made by virtue of prior representation which will prejudice the party seeking disqualification. Further, the existence of a previous attorney-client relationship in matters which substantially relate to the matter before the Court must be shown. This substantial relationship has been described by one court as "identical" or "essentially the same." *Government of India v. Cook Industries, Inc.*, 569 F.2d 737 (2d Cir. 1978). Familiarity with the entity's structure, interworkings, and personality is not sufficient. *International Paper Co. v. Lloyd Mfg. Co., Inc.*, 555 F. Supp. 125 (7th Cir. 1982).

Even if the Court construes the affidavits in an extremely favorable light to Colasanto, they do not furnish a basis for disqualification. Thomas and Fiske, a predecessor law firm to Complainants' counsel, prior to its merger with Hazel, Beckhorn and Hanes, did some legal work for the partnership that is the subject of this litigation. That consisted basically of preparation of documents for the purchase of partnership properties, condominium documents, and agreements for the sale of condominium units. Complainants originally retained Hazel, Beckhorn and Hanes in this matter which relates to dissolution and winding up of the partnership.

Further, it is clear that whatever work was done by Thomas and Fiske attorneys, no discussions have taken place between those attorneys and the attorneys from Hazel, Beckhorn and Hanes who were originally retained by Complainants.

Even if an attorney-client relationship existed between Colasanto and Thomas and Fiske or between the partnership and Thomas and Fiske, it did not involve matters which were substantially related to the matters raised in this Bill of Complaint. Therefore, the motion must be denied.