CIRCUIT COURT OF FAIRFAX COUNTY

Sandra G. H. Chee

v.

Arie Nordstein Snir

March 28, 1994

Case No. (Chancery) 133500

BY JUDGE JACK B. STEVENS

This matter is before the Court on Defendant's Motion To Disqualify Complainant's Counsel. Oral arguments were presented on March 18, 1994, and briefs were filed subsequently. For the reasons set forth below, the Motion is denied.

In this divorce proceeding, the Defendant has filed the present Motion to Disqualify Counsel for the Complainant on the grounds that his former and current partners have previously represented the Defendant in related matters. Defendant asserts that for Complainant's counsel to now represent an adverse party to the Defendant violates the conflict of interest provisions of the Code of Professional Responsibility, D.R. 5-105(D) and (E). The former and current partners previously represented the Defendant in three types of matters: real estate conveyances, creation of a family trust, and general representation of a corporation in which the Defendant was a one-third shareholder.

The question presented to the Court is whether such representations create a conflict of interest under the Code of Professional Responsibility and the Disciplinary Rules, sufficient to disqualify Complainant's counsel.

The relevant provisions of the Code are D.R. 5-105(D) and (E) and D.R. 4-101. In pertinent part, these Rules provide that:

> A lawyer who has represented a client in a matter shall not thereafter represent another person in the same or substantially related matter if the interest of that person is adverse in any

material respect to the interest of the former client unless the former client consents after disclosure. D.R. 5-105(D).

If a lawyer is required to decline employment or to withdraw from employment under D.R. 5-105, no partner or associate of his or his firm may accept or continue such employment. D.R. 5-105(E).

[A] lawyer shall not knowingly: (1) Reveal a confidence or secret of his client. (2) Use a confidence or secret of his client to the disadvantage of the client. (3) Use a confidence or secret of his client for the advantage of himself or a third person, unless the client consents after full disclosure. D.R. 4-101(B).

From these Rules the Court must determine whether the prior representation meets the same or substantially related criteria and whether Complainant's counsel obtained any confidences or secrets, either actual or imputed, from the prior representation.

In Legal Ethics Opinion (LEO) No. 1180, the Committee considered facts similar to those of this case and found that real estate and divorce (domestic relations) matters were not the same or substantially related. In that opinion, an attorney was representing the wife in a divorce action. Previously, the attorney had represented the husband in a lawsuit against the town involving a boundary dispute on residential property. The Committee concluded that the real estate matters and the divorce were not substantially related, and further that the attorney had not gained any confidences or secrets, since the financial information that might have been revealed by the former representation was public information.

In several cases, courts have defined the term "substantially related" to be identical or essentially the same. See e.g., *Rogers v. Pittston Co.*, 800 F. Supp. 350 (W.D. Va. 1992); *Pasquale v. Colasanto*, 14 Va. Cir. 54 (1988).

Applying these standards to the present facts, it is clear that none of the three representations would meet the test for the same or substantially related. The real estate representation closely parallels LEO 1180 described above. The creation of the trust may have involved some of the family finances, but this does not rise to the level of being identical or essentially the same as the divorce action. Finally, serving as counsel for a corporation of which the husband was a shareholder, even a major shareholder of a close corporation, is even more distant than the other representations.

The only inquiry left is whether or not confidences or secrets may have been obtained that now may be used to the husband's detriment or the wife's advantage. Referring again to LEO 1180, the Committee relied on the fact that any financial information derived from the former representation was public information. Similarly, this Court concludes that any information exposed from the real estate closing is public information. The connection between representing a corporation as counsel and the intimate finances of one of the shareholders is too distant to conclude that confidences or secrets are likely to be divulged. The creation of a trust may involve the exposure of confidential financial information, but the connection to a divorce action is again distant.

Testimony was presented by the former and current partners that no confidences or secrets that would be advantageous to the present action were revealed to them during the former representation. This would not be dispositive of the question if there were a substantial likelihood that confidences had been revealed, but it is persuasive to this Court in view of the nebulous connection between the former representations and the current action. No evidence was presented by Defendant that any confidences or secrets were received, much less passed on to Complainant's counsel.

Finally, the Court notes that any conceivable confidential or secret information that could have been divulged in the former representations is discoverable during the present divorce action. The Court concludes that any information, even if revealed, would not accrue to the advantage of the complainant in this case, nor to the disadvantage of the defendant. The defendant is therefore not prejudiced.